IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER S. FUHRE | § | |
| VS. | § | CIVIL ACTION NO. 9:22-CV-190 |
| SERGEANT RICHARD HARRELLSON, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Christopher S. Fuhre, a former pre-trial detainee at the San Jacinto County Jail, proceeding *pro se*, filed this civil rights action against Defendants Sergeant Richard Harrellson, Sheriff Woody Wallace, Trinity County Sheriff's Department, and the City of Trinity.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff's Motion for Default Judgment

This civil action was filed November 14, 2022 (doc. # 1). An order transferring venue to the Lufkin Division was entered on November 18, 2022 (doc. # 2). On November 22, 2022, the undersigned ordered Plaintiff to pay the $402.00 filing fee and/or submit an application to proceed *in forma pauperis* accompanied with a certified income trust statement, and to re-file his complaint on the form application for prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 (doc. # 3). On December 19, 2022, Plaintiff filed a Motion for Default Judgment (doc. # 5). Plaintiff states that he filed motions for investigations, complaint, dismissal, personal recognizance bond, bond reduction, motion to settle, and status updates in the state trial court but received no response.

Although less than clear, it would appear this is the basis on which Plaintiff moves for default judgment.

## Analysis

Federal Rule of Civil Procedure 55 authorizes the entry of default against a party whom a judgment for affirmative relief is sought when such party fails to plead, or otherwise respond, to the action.

A default judgment is a discretionary remedy. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). "When an application is made to the court . . . for the entry of a judgment by default, [the court] is required to exercise [its] 'sound judicial discretion' in determining whether the judgment should be entered. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2685. In making its determination, the court is free to consider any number of factors that may appear from the record. The entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. *E.F. Hutton & Co. v. Moffat*, 460 F.2d 284, 285 (5th Cir. 1972); *see also Effjohn*, 346 F.3d at 563 (emphasizing that defaults are not favored and any doubts should be resolved in favor of the defendant). It is only appropriate where there has been a clear record of delay or contumacious conduct. *Moffat*, 460 F.2d at 285.

While Plaintiff has paid the full $402.00 filing fee, this case is still under active screening. No summonses have been issued to date. There is nothing in the record to justify an entry of default judgment as none of the Defendants have been served.

## Recommendation

Plaintiff's Motion for Default Judgment (doc. # 5) should be denied.

<u>Objections</u>

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 22nd day of March, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE