IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER S. FUHRE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 9:22-CV-190 |
| | § | |
| RICHARD HARRELLSON, SERGEANT, *et al.*, | § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Christopher S. Fuhre, a former pre-trial detainee at the San Jacinto County Jail, proceeding *pro se,* filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Sergeant Richard Harrellson, Sheriff Woody Wallace, Trinity County Sheriff's Department, and the City of Trinity.[1]

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

By way of his Second Amended Complaint filed January 30, 2023, Plaintiff alleges he was unlawfully arrested on October 14, 2022, in Trinity County, Texas, and subjected to excessive use of force (doc. #8). Plaintiff states that in 2018, he used to work with Defendant Harrellson in the private sector and describes a history of discord between the two. *Id*., pg. 4. Plaintiff then proceeds to describe the October 14, 2022, incident wherein he alleges Defendant Harrellson, now working

---

[1] At the time of filing this suit, Plaintiff was detained at the San Jacinto County Jail. Plaintiff notified the court of a change of address to a residence in Porter, Texas, on January 30, 2023 (doc. #9).

for the Trinity County Sheriff Department, harassed him and used excessive force against him. *Id.*, pgs. 5-10.

Plaintiff specifically alleges he was driving lawfully and passed Defendant Harrellson who was conducting another traffic stop. *Id.* According to Plaintiff, when Defendant Harrellson recognized Plaintiff, he left the traffic stop to chase him. *Id.* Plaintiff describes events where he alleges he was abiding all traffic laws, but Defendant Harrellson drove in a reckless manner and ultimately drove his car into the vehicle Plaintiff was driving which inflicted bodily harm to Plaintiff. *Id.* Plaintiff next contends he exited the vehicle as ordered, was handcuffed, and told the officer he did not stop immediately because he wanted to get to a safe place first. *Id.* Plaintiff alleges Defendant Harrellson never asked him for his identification, insurance, or registration and then asked permission from Plaintiff to search his vehicle, to which Plaintiff agreed as he had "nothing to hide." *Id.*[2]

Plaintiff alleges that Defendant Harrellson and two other officers than searched his vehicle for thirty minutes to an hour and "ran his dog K-9 through the car a couple of times as he threw a ball for the dog to fetch." *Id.*, pg. 9. Plaintiff contends that Defendant Harrellson showed disgust or disappointment when he did not find anything as a result of the search and then:

> Took the K-9 on the road traveled it appeared from where I turned at the stop sighn [sic] to where I stopped. Also by his display of discust [sic] slamming the dogs [sic] cage, throwing the dogs leash, slamming his truck door he wasn't happy with his results of his traffic stop & search. [Defendant Harrellson] then got a large box out of his truck, carried it to the car then came back and told me I was going to jail for evading arrest and he said he found a syringe in the headliner of the car so I was being charged with 0-1 gram possession of a controlled substance. I told him I've been clean for years, never used needles, this isn't even my car. I said 'Richard you know this is bull----!' He said 'well your [sic] going to jail for it!'

---

[2] Plaintiff later alleges this was an illegal search.

*Id*., pgs. 9-10. Plaintiff states ultimately he was transported to Groveton Jail[3] and was booked on charges for evading arrest and possession of a controlled substance 0-1 gram. *Id*., pg. 10. On October 15, 2022, Plaintiff states he was transported to the Trinity City Jail where he complains it was very cold and he was denied a blanket and told to freeze to death. *Id*., pg. 11.[4] On October 16, 2022, Plaintiff states he was transferred back to Groveton Jail and was told by the jailer that he was pulled over for displaying a red light on the front of his vehicle and for not signaling 100 feet before a turn. *Id*. Plaintiff contends these reasons were "false accusations." *Id*. Plaintiff was then transferred back to the San Jacinto County Jail where he stayed and alleges he was being detained unlawfully, unable to make bond. *Id*. At the time of filing the complaint, Plaintiff complains that the court was not ready for trial, he was never appointed counsel, no bond hearing was held, and no indictment was ever filed against him to his knowledge. *Id*., pg. 16.

As to his specific allegations of constitutional violations, Plaintiff alleges:

Count One:

> Richard Harrellson Defendant at all times relevant, in his official and individual capacity under color of the state of Texas knowingly and intentionally make [sic] slanderous, defamatory statements regarding the Plaintiff. With witnesses that can be subponeaed [sic] to testify and substantiate this claim by the Plaintiff.

Count Two:

> Richard Harrellson, Defendant at all times relevant, in his official and individual capacity under color of the State of Texas acted on a personal vendetta out of malice to use his professional standings as a police officer sworn under oath to protect and serve and come into rapid pursuit for reasons other than to enforce the law.

---

[3] "Groveton Jail" appears to be the Trinity County Jail.

[4] Plaintiff later describes this as "cruel and unusual punishment."

Count Three:

    Richard Harrellson, Defendant at all times relevant, in his official and individual capacity under color of the State of Texas committed perjury when he falsified evidence to attempt to justify an unlawful traffic stop.

Count Four:

    Richard Harrellson, Defendant at all times relevant, in his official and individual capacity, under color of the State of Texas come into rapid pursuit of the Plaintiff in a very reckless, intimidating manner to satisfy [his] malice.

Count Five:

    Richard Harrellson, Defendant at all times relevant, in his official and individual capacity, under color of the State of Texas recklessly, maliciously, and intentionally caused the Plaintiff serious bodily injury and severe damage to the rear drivers [sic] side bumper area in a display of excessive deadly force with an automobile, with complete disregard for human life.

Count Six:

    Richard Harrellson, Defendant at all times relevant in his official and individual capacity, under color of the State of Texas conduct [sic] an illegal search of the 2012 Ford Fusion the Plaintiff was operating, also falsified evidence to charge the Plaintiff with poss. 0-1 g of a controlled substance. There were no drugs found in the car.

Count Seven:

    Richard Harrellson at all times relevant in his official and individual capacity, under color of the State of Texas unlawfully arrested the Plaintiff and falsified evidence to do so.

Count Eight:

    Richard Harrellson, Defendant all times relevant in his official and individual capacity under color of the State of Texas falsified evidence to unlawfully imprison the Plaintiff when sworn to protect under oath.

Count One:

    Woody Wallace, Defendant at all times relevant in his individual and official capacity under color of the State of Texas, sworn under oath to protect and

>serve the ones who live work and travel through your county. Your [sic] supposed to lead by example, train your deputies to uphold the law, not train to steal, corrupt, and perform unlawfully. I hold you responsible for being an improper role model for Harrellson. If 1/2 the rumors I've heard about you sir are correct you should be serving prison time right now, and you know it.

>Count One:

>Trinity County Sheriff's Dept. at all times relevant, in their individual and official capacity under color of the State of Texas sworn under oath to protect and serve in your county for years you've allowed the corruption to continue and Woody Wallace to train officers to be just like him. To follow in the footsteps of a corrupt Sheriff with rumors from theft, organized crime, unlawful arrests, infidelity with arrestees, [sic] bribery, indescency [sic] with minors but all that is ever focused upon is the meth that's around the County. That's not the main problem today. If the internal investigation would start within your department your evidence would show that Woody Wallace Richard Harrellson are corrupt. There are rumors of crimes, extortion, rackateering [sic] and with three or more make in a huge organized crime ring within the dept. The Trinity County Sheriff's Dept. has allowed things to escalate to the point that things are out of control. The Dept. has stripped civilians of their civil rights, to satisfy their greed. Your department needs to be cleansed from the inside out and arrest and charge the officers and personnel for their wrongdoings.

>Count One:

>City of Trinity, Defendant, at all times relevant responsible under color of State of Texas in their official and individual capacity, a municipal corporation of the State of Texas. If the city allows the jail to treat the detainees inhumane, and employ ones with no respect for human life, to allow corruption to continue, an internal investigation needs to start within the city. The elected officials who allow corruption, and re-election of candidates to strip the county of the security and commit the acts under color of the State of Texas should all be investigated. It is the City of Trinity's responsibility to make sure justice is served properly.

Id., pgs. 17-21. Plaintiff seeks 1.5 million dollars in damages and any such other relief the court may deem just and proper. *Id*., pg. 23.

On March 21, 2023, the undersigned ordered Plaintiff to replead and respond to these specific questions:

5

> 1. You state you were charged with evading arrest and possession of a controlled substance and are currently released on bond. Have you been indicted? If so, has your case gone to trial? If so, was your conviction overturned? If not, when is your case set for trial?
>
> 2. You state you suffered bodily injuries during the traffic stop but do not describe them. What injuries did you suffer?

Order to Replead (doc. #13).[5] On April 6, 2023, Plaintiff responded to the order replead, informing the court:

> The Defendant caused serious bodily injury that needs to be repaired with surgery and will cause a permanent handicap to a hard working civilian who has worked construction his entire life. After 93 days of unlawful incarceration, the plaintiff was released on a PR bond. The plaintiff was given no case number, no court date, no stipulations, he was just let out the door. As of March 23, 2023, after contacting the Trinity County District Clerk's office, the plaintiff has still not been indicted after 5 1/2 months since the incident took place.

Response, pgs. 5-6 (doc. #15).

## Standard of Review

28 U.S.C. § 1915A states the following:

> (a) Screening.-- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.-- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

---

[5] On January 30, 2023, Plaintiff informed the court he was released on a personal recognizance bond and provided the court with his address (doc. #9).

> (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculation level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. 127 S.Ct. at 1974. Plaintiffs must state enough facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.,* 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

<u>Analysis</u>

***Trinity County Sheriff's Department***

The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b). "In Texas, county sheriffs and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'" *Miller v. City of Houston*, No. 4:11-CV-429, 2013 WL 6222539, at * 4 (S.D. Tex. Nov. 29, 2013) (citing *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) and *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). Plaintiff has failed to set forth facts establishing that the Trinity County Sheriff's Department enjoys a separate legal existence apart from Trinity County or that it has been granted with jural authority. Thus, the undersigned determines that the Trinity County Sheriff's Department is not a legal entity under Rule 17(b) and therefore, lacks the legal existence and capacity to be sued for the violations alleged. *Id*.

***Trinity County***

To the extent Plaintiff intended to sue Trinity County rather than the City of Trinity, Plaintiff claims against Trinity County and Sheriff Wallace in his official capacity should be dismissed for failure to state a claim. Trinity County and Sheriff Wallace cannot be held vicariously liable for the conduct of their employees or directly liable on the basis of *respondeat superior*. *Burns v. City of Galveston*, 905 F.2d 100, 102 (5th Cir. 1990). Municipal liability under § 1983 "requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "The official policy itself

8

must be unconstitutional or, if not, must have been adopted 'with deliberate indifference to the known or obvious fact that such constitutional violations would result.'" *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting reference omitted); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting *Monell*, 436 U.S. at 691)). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice." *Id*. at 407. Instead, it "must amount to an intentional choice, not merely an unintentionally negligent oversight." *James*, 577 F.3d at 617–18 (quoting *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992)).

"To prevail on a failure-to-train theory, [Plaintiff] must plead facts plausibly establishing '(1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question." *Ratliff v. Aransas County, Texas*, 948 F.3d 281, 286 (5th Cir. 2020) (quoting *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010))

Plaintiff, here, makes no allegation of any specific policy, custom, or practice that is so persistent and widespread that it can be said to be a custom that fairly represents Trinity County or Defendant Wallace. To the extent Plaintiff alleges a failure to train or supervise, this claim is conclusory as Plaintiff fails to offer any factual allegations in support of any such theory. Plaintiff's claims against Trinity County or Defendant Wallace in his official capacity should be dismissed as frivolous and for failure to state a claim.

*Sheriff Woody Wallace in Individual Capacity*

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under § 1983. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional deprivation. *Evett v. Deep East Tex. Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003) (citing *Thompkins*, 828 F.2d at 304).

Plaintiff alleges that Defendant Wallace is "supposed to lead by example, train your deputies to uphold the law, not train to steal, corrupt, and perform unlawfully. I hold you responsible for being an improper role model for Harrellson." Plaintiff, however, fails to allege any facts to suggest that Defendant Wallace participated in any acts causing constitutional violations or that a causal connection exists between Defendant Wallace's conduct and the alleged constitutional deprivations, whether a claim of excessive use of force, false arrest, unlawful search and seizure or deliberate indifference. Accordingly, Plaintiff's claims against Defendant Wallace in his supervisory role should be dismissed as frivolous and/or for failure to state a claim for relief.

*City of Trinity*

While Plaintiff lists the City of Trinity as a defendant and makes general allegations against the city for alleged constitutional violations at the jail, the court cannot from the present record ascertain any potential liability on the City's part. An independent review of the website for the

Trinity County Jail, or Groveton Jail, reveals that the jail is run by the Trinity County Sheriff's Department.[6] Plaintiff offers no factual allegations to support any theory of liability against the City of Trinity and any such claims should be dismissed as frivolous and for failure to state a claim.

## Recommendation

Plaintiff's claims against Defendant Wallace in both his individual and official capacity, Trinity County Sheriff's Department, and the City of Trinity should be dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915A.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 15th day of March, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

---

[6] https://www.co.trinity.tx.us/page/trinity.Sheriff.Jail.